**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* A.W.

No. 17-0876 (Wood County 16-JA-93)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Father W.D., by counsel Eric K. Powell, appeals the Circuit Court of Wood County's August 29, 2017, order terminating his parental rights to A.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ernest M. Douglass, filed a response on behalf of the child in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in (1) finding that the petition and amended petition alleged abandonment and further erred in adjudicating him on these grounds, (2) improperly shifting the burden of proof to him to prove that the circumstances leading to his previous involuntary termination had been corrected and whether the DHHR failed to establish by clear and convincing evidence that he abused and neglected A.W., and (3) denying him a less-restrictive alternative than termination of his parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 11, 2016, the DHHR filed a petition alleging abuse and neglect against petitioner, the father of A.W. On September 12, 2016, the circuit court held an adjudicatory hearing at which petitioner moved the court to continue the hearing to allow for paternity testing to determine whether he was the biological father of the child. The circuit court granted his motion. However, when a representative was sent to the jail where petitioner was housed to obtain a swabbed DNA sample, petitioner refused to provide a sample.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Following the initial brief on appeal, upon substitution of counsel, petitioner filed an amended brief raising additional assignments of error. All assignments of error are addressed in this memorandum decision.

Due to petitioner's failure to participate in paternity testing after raising the issue of paternity, the DHHR filed an amended petition on February 22, 2017, alleging that petitioner refused to participate in paternity testing and abandoned the child, based upon his failure to contact the child for over six months and failure to provide emotional or financial support to the child. The petition further alleged that such conduct constituted a settled purpose to forego parental duties and responsibilities. On March 21, 2017, the circuit court held an adjudicatory hearing on the amended petition. Despite his prior refusal to provide a sample for DNA testing, petitioner again moved for a continuance to allow for paternity testing. However, petitioner refused to provide a sample again.

After petitioner's second refusal to participate in paternity testing, the circuit court proceeded to the adjudicatory hearing on May 2, 2017. When asked if he was the father of A.D., petitioner responded affirmatively. He testified that he was married to A.W.'s mother at the time of the child's birth. However, petitioner refused to answer questions regarding whether he had ever had contact with the child. Petitioner also testified that he was incarcerated for unlawful entry, but had yet to be sentenced. The mother of the child testified that petitioner was the legal and biological father of A.W., that petitioner never had any contact with A.W., and that petitioner never provided any emotional or financial support to A.W. The circuit court took judicial notice of a prior proceeding wherein petitioner's parental rights to an older child were terminated in June of 2016. Petitioner's prior termination was based upon his failure to comply with the conditions of his improvement period, including his failure to participate in drug screening, continued abuse of drugs, failure to participate in parenting and life skills training, and dishonesty with service providers. The circuit court adjudicated petitioner as an abusing parent based upon his failure to provide A.W. with necessary food, clothing, supervision, or medical care, in addition to his failure to contact the child for over six months or provide the child with financial or emotional support. Additionally, the circuit court found that there was no evidence that, since his prior involuntary termination, petitioner "had a substantial change in circumstances or . . . shown a willingness or the ability to change."

On August 15, 2017, the circuit court held a dispositional hearing. The DHHR presented argument that due to aggravated circumstances, it was not required to make reasonable efforts to reunify the family and moved for termination of petitioner's parental rights. The circuit court took judicial notice of petitioner's May 8, 2017, sentencing order. Petitioner was sentenced to one to ten years of incarceration for unlawful entry, and his projected release date was November 29, 2021. The circuit court again noted that petitioner had not "had a substantial change in circumstances or . . . shown a willingness or ability to change." The circuit court found that petitioner was unable to provide his child with necessary food, clothing, shelter, supervision, or medical care and that he had not had contact with the child for over six months. Additionally, petitioner failed to support the child financially, educationally, or emotionally, demonstrating the settled purpose to forego his parental duties and responsibilities to the child. The circuit court further found no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future due to petitioner's incarceration and that termination of petitioner's parental rights was in the child's best interests. The circuit court ultimately

terminated petitioner's parental rights in its August 29, 2017, order.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in finding that the initial petition and amended petition alleged abandonment of the child and that the petitions did not allege that he failed to provide the child with the statutory necessities. Further, petitioner argues that the circuit court erred in adjudicating him on these grounds and in considering them in its decision to terminate his parental rights. We disagree.

Here, petitioner failed to provide this Court with a copy of the original petition. Therefore, any error raised by petitioner regarding the original petition will not be considered. Next, petitioner was adjudicated based upon his neglect of the child as set forth in the amended petition. Pursuant to West Virginia Code § 49-1-201 a neglected child is a child

[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when that refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian

The amended petition alleged that petitioner had not seen his child in over six months and "failed to support the child financially, educationally or emotionally demonstrating the settled purpose to forego his parental duties and responsibilities to the child." Despite his refusal to take a DNA test, evidence was presented to establish that petitioner was, in fact, the biological and legal father of the child and that he was married to the child's mother when the child was born.

_____

[3]The child's mother is a non-abusing parent and has full custody of the child.

3

Further, evidence was presented that petitioner never contacted the child or otherwise provided any financial or emotional support for the child. Due to this failure, it is clear that petitioner failed to provide the child the necessary food, clothing, shelter, supervision, medical care or education, meeting the statutory definition of neglect. Therefore, the circuit court did not err in adjudicating petitioner as an abusing parent pursuant to West Virginia Code § 49-1-201, which provides that "'abusing parent' means a parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect."

Next, petitioner argues that the circuit court improperly shifted the burden of proof to petitioner to prove that the circumstances leading to his previous involuntary termination had been corrected. The Court finds it unnecessary to address this argument. As discussed above, petitioner was adjudicated as an abusing parent due to his failure to contact and provide financial and emotional support to the child. Because he was adjudicated based upon his neglect of A.W., the aggravated circumstances regarding his prior termination are irrelevant. Further, although petitioner argues that the DHHR failed to establish by clear and convincing evidence that he abused the child, we have held that

> [West Virginia Code § 49-4-601(i)] requires the [DHHR], in a child abuse or neglect case, to prove "conditions existing at the time of the filing of the petition . . . by clear and convincing proof." The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden.

Syl. Pt. 1, *In Interest of S.C.*, 168 W. Va. 366, 284 S.E.2d 867, (1981). As previously discussed, evidence was presented to show that petitioner failed to contact the child or otherwise provide support, and, based upon that evidence, petitioner was adjudicated as an abusing parent. Therefore, the DHHR met its burden and petitioner is not entitled to relief in this regard.

Finally, petitioner argues that the circuit court erred in denying him a less-restrictive alternative than termination of his parental rights. Petitioner further argues that his incarceration should not have been the basis for termination of his parental rights. We find this argument unpersuasive. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

As discussed above, the circuit court found that petitioner neglected A.W. due to his failure to contact the child, provide emotional and financial support to the child, and provide other necessities. Further, petitioner was incarcerated during the proceedings. Petitioner was sentenced to one to ten years of incarceration, and, therefore, unable to participate in services or visitation with the child. Based on this evidence, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the children's best interests and we agree.

4

Further, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Moreover, it is clear that termination was necessary for the child's welfare, given that petitioner failed to correct the conditions of abuse and neglect. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 29, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker